Aaron T. Martin (AZ Bar No. 028358)
Martin Law & Mediation PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
aaron@martinlawandmediation.com
(602) 812-2680

*Attorneys for Plaintiff*
*Fusion Power, LLC*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fusion Power, LLC, an Arizona limited liability company, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Select Start Media, LLC, a Florida limited liability company, | **(Jury Trial Requested)** |
| Defendant. | |

Plaintiff Fusion Power, LLC ("Fusion"), for its Complaint, alleges as follows:

## **INTRODUCTION**

1. Fusion markets and sells solar power products, services, and systems.

2. Defendant Select Start Media, LLC ("Select") sells marketing leads.

3. Select, among other things, made material misrepresentations to Fusion and materially breached the parties' contracts related to the marketing leads that Select sold.

## **PARTIES, JURISDICTION, AND VENUE**

4. Fusion is an Arizona limited liability company authorized to and doing business in Maricopa County, Arizona.

5. Fusion's members are individuals who reside in Maricopa County, Arizona, or limited liability companies whose constituent members are individuals who reside in Maricopa County, Arizona.



6. Upon information and belief, Select is a Florida limited liability company not authorized to but doing business in Maricopa County, Arizona.

7. Upon information and belief, Select's members are individuals who reside in Florida.

8. Select solicited Fusion's business in Arizona through, among other things, a Craigslist post in Phoenix, emails and invoices sent to Fusion in Arizona, and telephone calls made to Fusion in Arizona.

9. The claims in this Complaint arise out of contracts that the parties entered into in Maricopa County, Arizona.

10. The claims in this Complaint arise out of Select's acts and omissions that occurred in Maricopa County, Arizona.

11. Select sold Fusion marketing leads and contact information for individuals located and who reside in Arizona and who may be witnesses in this action.

12. Select caused Fusion to suffer over $75,000.00 in damages in Maricopa County, Arizona.

13. This Court has jurisdiction over these parties and claims under 28 U.S.C. § 1332.

14. Venue is proper in this Court under 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

15. Select's website states that Select is the leader in generating high quality leads with over 20 years in online marketing experience.

16. Select's website states that Select understands the importance and necessity of performance marketing and handles every campaign as if the campaign was Select's own campaign.

17. Select's website states that quality and consistency are Select's primary focus, and that Select's customers will have peace of mind knowing that Select treats its customers as partners.

18. Select's website states that Select specializes in online and offline marketing,



and recognizes the importance of a thorough verification system as a primary cross referencing system.

19. Select's website states that Select has a strong focus on technology as a number one priority to ensure quality and accuracy of the data delivered to Select's customers.

20. Select's website states that Select follows a multi-step process that includes, among other things, collecting applications of interest from consumers and reviewing and validating the leads it captures.

21. Select's website states that Select stands as the pinnacle in online lead generation, and Select guarantees that its custom lead campaigns will generate high quality consumers with a true interest in the products and services via opt-in traffic.

22. Select's website states that Select has years of online/offline marketing, lead generation, and compiling opt-in data with consumer contact information.

23. The Telephone Consumer Protection Act ("TCPA"), among other things, imposes regulations and restrictions regarding telemarketing and telephone solicitation calls.

24. In February 2020, Select, through its employee or agent Frank James, represented to Fusion that Select could provide TCPA "compliant opt-in" marketing leads in designated zip codes who had, within the last 10-90 days, indicated their interest in and consent to receiving marketing and sales information about solar power.  Attached as **Exhibit A** is a true and correct copy of an email chain between Select and Fusion dated February 4, 2020.

25. Select represented to Fusion that its marketing leads complied with TCPA requirements, regulations, and restrictions.

26. On or about April 23, 2020, Fusion and Select entered into a contract identified as Proposal No. 454941 for "60 day max," TCPA "compliant opt-in" solar power marketing leads in various zip codes, including Arizona-based zip codes but not Florida-based zip codes.

27. On or about September 10, 2020, Fusion and Select entered into a contract identified as Proposal No. 455247 for "60 day max," TCPA "compliant opt-in" solar power marketing leads in various zip codes, including Arizona-based zip codes but not Florida-based zip codes.

28. Fusion relied on Select's representations when Fusion entered into Proposal Nos. 454941 and 455247 (collectively, the "Contracts") and agreed to purchase marketing leads from Select.

29. Fusion would not have entered into the Contracts or bought marketing leads from Select if Fusion knew that Select's marketing leads did not comply with TCPA requirements, regulations, and restrictions.

30. Fusion would not have entered into the Contracts or bought marketing leads from Select if Fusion knew that Select's marketing leads had not opted-in or consented to receive marketing and sales information about solar power within the prior 60 days.

31. Fusion paid Select in full for the marketing leads purchased.

32. In September 2020, Select provided Fusion with contact information for marketing leads that included information for an individual, Mr. Winters.

33. In February 2021, Mr. Winters sued Fusion in a purported class action lawsuit in the United States District Court, District of Arizona, for alleged negligent and willful violations of the TCPA.

34. Mr. Winters alleged, among other things, that he had not opted-in or consented to receive solar power marketing and sales information.

35. Mr. Winters provided Fusion with proof that the address and other contact information Select provided to Fusion had been out-of-date, false, and/or fraudulent.

36. Mr. Winters demonstrated that, even had he opted-in at some point, the data Select provided to Fusion was aged and did not include Fusion as a contractor that could contact him.

37. Select, for example, provided Fusion with an address for Mr. Winters at which Mr. Winters had not lived for over a year.



38.  Mr. Winters' purported class action lawsuit against Fusion sought over $7.5 million in damages for Fusion's alleged TCPA violations.

39.  Fusion did not independently or actively violate the TCPA, but faced potential liability solely because Select falsely represented that its leads were TCPA compliant and had within the last 60 days consented or opted-in to receive marketing and sales information.

40.  Fusion incurred substantial expense to retain legal counsel, defend the TCPA lawsuit, and settle the TCPA lawsuit.

41.  The marketing leads that Select provided to Fusion under the Contracts were not TCPA "compliant opt-in."

42.  The marketing leads that Select provided to Fusion under the Contracts were aged over 60 days.

43.  The marketing leads that Select provided to Fusion under the Contracts contained false and/or out-of-date information.

## COUNT I
### (Breach of Contract)

44.  Fusion incorporates by reference the paragraphs set forth above.

45.  Proposal No. 454941 constituted a valid and binding contract between Fusion and Select.

46.  Proposal No. 455247 constituted a valid and binding contract between Fusion and Select.

47.  Each of the Contracts contained an implied covenant of good faith and fair dealing that required Select to not do anything that would prevent Fusion from receiving the benefits of the Contracts.

48.  Select, by and through its acts and omissions as stated above, materially breached each of the Contracts.

49.  Select, by and through its acts and omissions as stated above, breached the implied covenants of good faith and fair dealing contained in each of the Contracts.



50. Select's breaches of the Contracts and the implied covenants of good faith and fair dealing caused Fusion to suffer substantial direct and consequential damages.

51. Fusion is entitled to recover its reasonable attorneys' fees and costs under the Contracts and all applicable law, including but not limited to 28 U.S.C. § 1920, A.R.S. § 12-341, and A.R.S. § 12-341.01.

## COUNT II

### (Fraud)

52. Fusion incorporates by reference the paragraphs set forth above.

53. Select made representations to Fusion about the marketing leads and the Contracts, including that Select's leads were TCPA compliant and had opted-in within the last 60 days.

54. Select's representations about its leads and the Contracts were false.

55. Select's representations were material because Fusion would not have entered into the Contracts or bought leads from Select if Fusion knew that Select's leads were not TCPA compliant and had not opted-in within the last 60 days.

56. Select knew its representations about the leads and Contracts were false.

57. Select intended that Fusion would act upon the representations in the manner reasonably contemplated by Select, including inducing Fusion to enter into the Contracts with Select and to purchase marketing leads from Select.

58. Fusion did not know that Select's representations were false.

59. Fusion relied on the truth of Select's representations.

60. Fusion's reliance was reasonable and justified under the circumstances.

61. Select's fraud and fraudulent inducement as described above caused Fusion to suffer substantial damages.

62. Fusion is entitled to recover its reasonable attorneys' fees and costs under the Contracts and all applicable law, including but not limited to 28 U.S.C. § 1920, A.R.S. § 12-341, and A.R.S. § 12-341.01.



## COUNT III

### (Consumer Fraud)

63. Fusion incorporates by reference the paragraphs set forth above.

64. Select used deception, deceptive or unfair acts and practices, fraud, false pretenses, false promises, and/or misrepresentations in connection with Select's sale or advertisement of merchandise to Fusion, including with respect to the marketing leads and the Contracts.

65. Select concealed, suppressed, or omitted material facts from Fusion with the intent that Fusion rely on the concealment, suppression, or omissions in connection with Select's sale or advertisement of merchandise to Fusion, including with respect to the marketing leads and Contracts.

66. Select's consumer fraud as described above caused Fusion to suffer substantial damages.

67. Fusion is entitled to recover its reasonable attorneys' fees and costs under the Contracts and all applicable law, including but not limited to 28 U.S.C. § 1920, A.R.S. § 12-341, and A.R.S. § 12-341.01.

## COUNT IV

### (Negligent Misrepresentation)

68. Fusion incorporates by reference the paragraphs set forth above.

69. Select provided Fusion with false or incorrect information, or omitted or failed to disclose material information, including about the marketing leads and Contracts.

70. Select intended that Fusion rely on the information provided, and Select provided the information to Fusion for that purpose.

71. Select failed to exercise reasonable care and competence in obtaining or communicating the information, including about the marketing leads and Contracts.

72. Fusion relied on the information that Select provided.

73. Fusion's reliance was justified.

74. Select's negligent misrepresentations as described above caused Fusion to

- 7 -

suffer substantial damages.

75. Fusion is entitled to recover its reasonable attorneys' fees and costs under the Contracts and all applicable law, including but not limited to 28 U.S.C. § 1920, A.R.S. § 12-341, and A.R.S. § 12-341.01.

## PRAYER FOR RELIEF

WHEREFORE, Fusion prays that the Court enter judgment in its favor and against Select as follows:

A. For actual and consequential damages in an amount to be proven at trial;

B. For all costs and reasonable attorneys' fees incurred in bringing this action under the Contracts and all applicable law, including but not limited to 28 U.S.C. § 1920, A.R.S. § 12-341, and A.R.S. § 12-341.01; and

C. For such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Fusion demands a jury trial on all issues so triable.

DATED this 20th day of August, 2021.

By  */s/ Aaron T. Martin*
Aaron T. Martin
Martin Law & Mediation PLLC
2415 East Camelback Rd., Suite 700
Phoenix, AZ 85016
*Attorneys for Plaintiff
Fusion Power, LLC*

